UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-00977 AG (KKx) | Date | August 21, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND

In *Ponsford v. Skypatrol, LLC et al.*, SACV 17-00119 AG (KKx), Plaintiff Brad Ponsford sued Defendants Skypatrol LLC and Topp Group, Inc. for wrongful termination, retaliation, and unfair competition in violation of state law. There, the Court denied Plaintiff's motion to remand because the parties were minimally diverse and Defendants had adequately shown that the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a). But four days after the Court issued its order, Plaintiff filed another lawsuit in the Riverside County Superior Court. (Compl., Dkt. No. 1-2 at 1.) Although the two cases appear to be factually identical, the new complaint only contains one claim for relief under the Labor Code Private Attorneys General Act ("PAGA"), *see* Cal. Lab. Code § 2698 *et seq*. Defendants once again removed on the asserted basis of diversity jurisdiction, and Plaintiff once again moves to remand.

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-00977 AG (KKx) | Date | August 21, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

With that background in mind, the Court must consider whether subject matter jurisdiction exists in this case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter."). For starters, it's apparent that both sides are "completely diverse." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Plaintiff is a citizen of California, while Defendants are either citizens of Delaware, Florida, or New York. (Notice of Removal, Dkt. No. 1 at 3–4.) The parties don't dispute those basic jurisdictional facts. (*Compare* Mot. to Remand, Dkt. No. 12 at 3, *with* Opp'n, Dkt. No. 14 at 2.)

Plaintiff's primary argument, once again, is that Defendants have "failed to meet their burden in showing that the amount in controversy exceeds $75,000." (Mot. to Remand, Dkt. No. 12 at 3.) A defendant seeking to remove a case to a federal court need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff does contest that allegation, then "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds" the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added). In such a cases, "*both sides submit proof* and the [district] court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added).

This Court shares Defendants' serious concerns about the preservation of judicial economy and the specter of improper forum shopping. (Opp'n, Dkt. No. 14 at 5–8.) Accordingly, all parties are ORDERED to appear at the August 21, 2017 hearing in this matter prepared to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-00977 AG (KKx) | Date | August 21, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

discuss whether "plaintiff has attempted to manipulate the forum" and, if so, how the Court should "take this behavior into account." *Cf. Carnegie-Mellon Univ. V. Cohill*, 484 U.S. 343, 357 (1988) (discussing a federal court's decision to remand, or exercise supplement jurisdiction over remaining state law claims). The basic rule, however, is that "subject-matter jurisdiction . . . can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal quotation marks omitted). So, putting the parties' various policy arguments aside, this Court still has a duty to ensure that the mandatory requirements for subject matter jurisdiction have been properly established.

Here, the Court isn't persuaded that the amount in controversy exceeds $75,000. Unlike the original case, Plaintiff only seeks civil penalties, interest, and attorney fees under PAGA. (Compl., Dkt. No. 1-2 at 6.) Many of the forms of relief in a typical labor and employment case, like compensatory and punitive damages, are therefore irrelevant here. Indeed, as Defendants appear to concede, the statutory damages available for these alleged violations of PAGA are likely less than $800. (Opp'n, Dkt. No. 14 at 9–10.) Defendants instead argue that the entire amount in controversy can be established by estimating the amount of attorney fees through trial. (*Id.* at 10–12.) True, attorneys fees may be considered in calculating the amount in controversy where the "underlying statute authorizes an award" of such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). But Defendant hasn't provided sufficient evidence concerning the amount of attorneys fees that have accrued so far. *See Kokkonen*, 511 U.S. at 377 (1994) (recognizing that "the burden of establishing" subject matter jurisdiction "rests upon the party asserting [it]"). And, further, estimating the amount of attorney fees through the date of trial strikes the Court as an arbitrary and speculative task—one that's, perhaps, inconsistent with the Court's obligation to "jealously guard" its jurisdiction. *See Ceja-Prado*, 333 F.3d at 1051.

Taking all this together, Defendants haven't shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. For these reasons, the Court thus GRANTS the motion to remand. (Dkt. No. 12.)

:  0

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 17-00977 AG (KKx) | Date | August 21, 2017 |
|---|---|---|---|
| Title | BRAD PONSFORD v. SKYPATROL, LLC ET AL. | | |

| | Initials of Preparer | lmb |
|---|---|---|